UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:04-cv-397/1:03-cr-073 |
| | ) | *Edgar* |
| WILLIAM CURTIS JR., | ) | |
| a/k/a Bill Curtis | | |

## MEMORANDUM

The defendant, William Curtis Jr. ("Curtis"), has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Court File No.1]. For the reasons which follow, the Court has determined a hearing is not necessary and concludes that the § 2255 motion lacks merit and will be **DENIED**. Curtis is not entitled to relief under § 2255.

## I.      Procedural Background

On March 25, 2003, a United States grand jury sitting for the Eastern District of Tennessee, Chattanooga Division, returned a six-count indictment charging Curtis, Patricia McCurry, Patrick McCurry, and Charles Dove, Jr., with various drug trafficking offenses. On April 8, 2003, a thirteen-count superseding indictment was filed which named six more individuals, added seven additional counts to the indictment, as well as forfeiture allegations. Curtis was charged with four counts of various drug trafficking offenses. Curtis was charged in Count One with conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Count Two of the indictment charged that Curtis, Patricia McCurry, Patrick McCurry, and Scott Curtis, aided and abetted by each other, possessed with the intent to distribute in excess of 50 grams of methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and Title 18 U.S.C. § 2. Curtis was charged in Count Three, along

1

with co-defendant Scott Curtis, with possession of a firearm in furtherance of the drug trafficking crimes reflected in Counts One and Two of the superseding indictment in violation of 18 U.S.C. §924(c). Count Four of the indictment charged Curtis with possessing chemicals and equipment for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 843(a)(6). On the day the trial was to begin, Curtis pleaded guilty to all four counts of the superseding indictment in which he was named. The Presentence Investigation Report ("PSR") reflects Curtis pleaded guilty on October 14, 2003, without the benefit of a plea agreement.

On January 12, 2004, Curtis was sentenced to a total term of 181 months imprisonment–121 months on Counts One and Two and a term of 120 months on Count Four to be served concurrently. The Court also imposed a term of imprisonment of 60 months on Count Three, to be served consecutively to the terms imposed in Counts One, Two, and Four. Curtis did not take a direct appeal from the judgment of conviction. Curtis' § 2255 motion attacking counsel's effectiveness, the sufficiency of the evidence, and the constitutionality of his sentence was timely filed on or about December 21, 2004.[1]

## II.    Standard of Review

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under

---

[1]    In calculating the filing date, the Court has applied the "mailbox rule" and deemed the § 2255 motion to have been passed to the prison officials for mailing on December 21, 2004—the same date Curtis signed his § 2255 motion. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)(deeming an appeal to be filed on the date it was passed to prison officials for mailing); see also Fed. R. App. P. 4(c).

Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted)(§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); see also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994)(applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

Further, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d at 506; *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Thus, Curtis cannot use a § 2255 motion to litigate the issues that should have been presented and decided on direct appeal unless cause is shown for the tardy challenge and "actual prejudice" resulting from the error is demonstrated, *United States v. Frady*, 456 U.S. 152, 167-68 (1982), or Curtis shows that he is actually innocent of the crime. *See Bousley v. United States*, 523 U.S. at 622. Issues which are presented and considered on direct appeal cannot be litigated again in a § 2255 proceeding absent exceptional circumstances or an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir.), *cert. denied*, 528 U.S. 933 (1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996).

## III. Facts

The following pertinent facts are taken from the PSR prepared by the United States Probation Office:

> 18.    In early 2003, Bradley County, Tennessee Drug Task (DTF) officers and agents with the Drug Enforcement Administration (DEA) began an investigation of methamphetamine trafficking into the area by Patricia and Patrick McCurry. DTF had received information that Patricia McCurry was a major distributor of methamphetamine in Bradley County. Patricia McCurry used her husband, Patrick McCurry to make deliveries on her behalf. She also used customer Charles "Bobby" Dove to do some work for her, such as deliveries. During the course of the investigation, as participants were arrested and cooperated, several other individuals were found to be involved in the distribution of methamphetamine, including sources Mike Davis and William "Bill" Curtis, and David Conley. Mike Davis, the main supplier to this group at one time, utilized Scott Curtis for assistance. Davis's main supplier was Lavonda Goforth, who used her husband, Chris, to make deliveries for her.

19.     At the onset of the investigation, DTF developed a Confidential Informant (CI) who then made two undercover controlled buys of methamphetamine from Patricia McCurry.  (About the same time another CI made an undercover buy of methamphetamine from Bobby Dove.) Following the two undercover buys (amounts unknown), DEA agents served a federal search warrant at the home of Patricia and Patrick McCurry, Cook Road, on March 1, 2003.  Present when agents entered the home were: Patricia McCurry, Patrick McCurry, Bill Curtis, and Scott Curtis.  Recovered during the search were: 400 grams of methamphetamine, $1,000 in cash, a loaded Winchester shotgun, a Marlin .22 caliber rifle, police scanner, digital scales, and drug paraphernalia.  The weapons were located in a bedroom closet while the drugs and drug related paraphernalia were located in the kitchen.  (Agents later learned that the weapons were the property of another individual, not involved in the drug offense, who had brought his vehicle to the McCurry's home to be worked on my Patrick after it had broken down.  The weapons were in the car and they were removed and placed in the bedroom closet for safe-keeping, where officers found them.)  The vehicle driven by Bill Curtis was also searched at the McCurry's home.  Inside the 1996 Pathfinder, officers located a loaded Inter-Arms .380 caliber semi-automatic handgun and a quantity of plastic bags.  Patricia and Patrick McCurry both made voluntary statements at the time of their arrests.

20.     Also, on March 1, 2003, a state search warrant was executed at the home of Bobby Dove, based upon the undercover drug buy made by a Confidential Informant.  Located in the residence was an eightball of methamphetamine and a small quantity of marijuana.  Dove was arrested and made a voluntary statement.

21.     On March 1, 2003, the home of Bill Curtis in Bradley County was searched after officers obtained a state search warrant.  Located at the residence was equipment and chemicals used to manufacture methamphetamine, including: muriatic acid, glassware, tubing, red phosphorus, Coleman fuel, coffee filters, and other equipment.     Agents found written instructions on how to make methamphetamine.  A small quantity of marijuana was also located in the residence.

22.     On March 21, 2003, officers served a state search warrant at the home of Mike Davis in Bradley County, Tennessee.  The search warrant was based upon CI information obtained during the investigation.  At Davis's home, officers found a one-quarter ounce quantity of methamphetamine.  Davis made a voluntary statement when arrested.  He told officers that he dealt in large quantities of methamphetamine, and that his source, Lavonda Goforth was in North Georgia.  He agreed to cooperate and made a recorded phone call to Lavonda Goforth.  During the call, Davis asked to purchase a pound of methamphetamine.  Lavonda Goforth stated that she could not get her hands on that much because her "boys were on spring break," but she would send her husband (Chris) with eight ounces.  Chris Goforth later arrived at Davis' house.  He first entered the house and spoke with Davis.  He then returned to the vehicle for the drugs.  Seated in the car was Bruce Mantooth, who did not exit

the vehicle. Chris Goforth returned to the house where he delivered about eight ounces to Davis, and he was arrested. On Chris Goforth, officers found about one and one-half ounces of methamphetamine, $1,200 in cash, and a loaded .22 caliber North American Arms revolver. A search of Goforth's vehicle, produced 29 rounds of rifle ammunition, and a CCI brand .22 caliber round on the dashboard. There was also white powder from the methamphetamine bag, which had a hole in it, on the passenger's seat, where Bruce Mantooth had been seated. (Mantooth is charged in the Indictment; however, the government is dismissing charges against him, as the evidence does not show that he was involved in the drug distribution conspiracy.) The wife of Chris Goforth, Lavonda Goforth, later turned herself in. Their home was not searched.

23.     Davis then agreed to place a call to Scott Curtis (who was present at the McCurry's when the home was searched), to set up a sale of methamphetamine. Davis called Scott Curtis and said that he had two ounces to sell. When Scott Curtis showed up at Davis' house to buy the methamphetamine, he was arrested. At that time, Scott Curtis agreed to cooperate, and he placed a call to David Conley, another source of methamphetamine, for the group. Scott Curtis told David Conley that he was going to pick up some methamphetamine, and asked "Could he get any for Conley?" Conley told him to "get all you can," and they agreed to meet about 45 minutes later. When Conley arrived to pick up the methamphetamine, he was arrested. In Conley's vehicle, officers found: a loaded Kel-Tec 9mm semiautomatic handgun, and a loaded .22 caliber North American Arms revolver. Conley gave a voluntary statement at the time of his arrest and agreed to cooperate, and provide information on a source of methamphetamine in Bradley County. However, this source turned out to be an already cooperating federal defendant, Matt Gee.

24.     When Mike Davis was arrested, he waived his rights and made a voluntary statement.     Davis stated that he dealt in one-half pound quantities of methamphetamine in Bradley County, which he was receiving from Lavonda Goforth, for a total of about five pounds. He has provided a proffer statement to the government which supported his initial statement. However, after his initial statement, Mr. Davis has tried to mitigate his criminal behavior in this case. The government believes that the defendant has not been honest as to his criminal conduct in this case, and does not believe that the defendant would make a credible witness.

25.     The drug amount that should be attributed to William Curtis, Jr. comes from codefendant statements and other information gained by investigators.     This information easily supports the defendant's guilty plea of distributing five to fifteen

PSR at 5-7.

At the January 12, 2004 sentencing hearing, the Court found that defendant's criminal history category was I. Curtis' total offense level was 34. Curtis' offense level of 34, combined with his criminal history category of I, resulted in a sentencing range of 211 to 248 months imprisonment. The United States filed a motion pursuant to § 5K1.1 based upon Curtis' substantial assistance. The Court granted the motion and sentenced petitioner below the Guideline range. The defendant was sentenced to 181 months of imprisonment, to be followed by five (5) years of supervised release.

IV.    **Analysis**

Curtis's § 2255 motion to vacate contains seven claims. Curtis raises four claims of ineffective assistance of counsel, an insufficient evidence claim, and two claims attacking the constitutionality of his sentence, *i.e.*, his sentence violates the Eighth Amendment and his sentence is illegal based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny–*Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). First, the Court will combine the ineffective assistance of counsel claims but address them separately as sub-claims. Then, the Court will analyze the insufficient evidence claim and the constitutional attacks on Curtis' sentence.

A.    **Ineffective Assistance of Counsel**

Curtis submits four claims of ineffective assistance of counsel which the Court will address separately as sub-claims under the claim of ineffective assistance of counsel. To establish ineffective assistance of counsel Curtis must demonstrate, as established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), two essential elements: (1) counsel's performance was deficient, i.e., below the standard of competence demanded of attorneys in criminal cases; and (2) counsel's deficient performance prejudiced the defense, *i.e.* deprived the defendant of a fair trial

rendering the outcome of the trial unreliable. *Id*. at 687-88; *see also Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987). In plea proceedings, the movant must show but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The standard by which a court reviews counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims v. Livesay*, 970 F.2d 1575, 1579-80 (6th Cir. 1992).

In his § 2255 motion, Curtis raises four claims against counsel. First, Curtis complains that counsel failed to properly explain his right to filed a direct appeal. Specifically, Curtis contends counsel failed to inform him he could have pleaded guilty conditionally and reserved his right to appeal the denial of his motion to suppress. Second, Curtis claims counsel failed to inform him that he could appeal his sentence, thus depriving him of pursuing relief on direct appeal. Third, Curtis asserts trial counsel failed to argue the weapon was not possessed in furtherance of a drug crime. Lastly, Curtis attacks counsel's failure to request an extension of time in which to enter into a plea agreement. The Court will address these sub-claims separately below.

### 1. *Reservation of Right to Appeal*

Curtis claims counsel failed to advise him that he could enter a conditional guilty plea which would permit him to enter a guilty plea while reserving the right to appeal the district court's denial of his motion to suppress. First, the Court observes that counsel sought to negotiate an agreement whereby Curtis would enter a conditional guilty plea while reserving the right to appeal the district court's denial of his suppression motion [Court File No. 2, Exhibit 4]. Presuming that Curtis did not receive a copy of the July 9, 2003 letter requesting a plea agreement reserving the search question,

which he has attached as an exhibit, counsel's failure to inform him about conditional pleas is not deficient since the government did not offer such a plea and such a plea is not permitted without the consent of the government.

Federal Rule of Criminal Procedure 11(a)(2) provides:

**Conditional Plea**.  With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.  A defendant who prevails on appeal may then withdraw the plea.

Counsel attempted to secure a conditional plea on behalf of his client but the government refused to consent to such a plea.  Thus, any failure on the part of counsel to explain a conditional plea to Curtis was not deficient representation because the government refused to consent to a conditional plea.  Consequently, Curtis can neither demonstrate counsel was deficient nor that he suffered any prejudice as a result of counsel's failure to explain a conditional plea to him.  Accordingly, Curtis is not entitled to an evidentiary hearing or § 2255 relief on his claim that counsel did not explained a conditional plea to him.

## 2. *Lack of Direct Appeal Advice*

Curtis claims counsel failed to consult with him about an appeal.[2] *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000), instructs that the Court must determine whether counsel's failure to consult with the defendant itself constitutes deficient performance. Counsel's alleged failure to consult with Curtis about an appeal will be deemed professionally unreasonable only where a rational defendant would want an appeal or where a particular defendant reasonably demonstrated to counsel an interest in appealing.

Assuming Curtis is claiming counsel should have attacked the sufficiency of the evidence and the constitutionality of his convictions on the ground of actual innocence on appeal, these grounds for appeal are frivolous as Curtis admitted under oath he committed these crimes. Thus, admitting the evidence was sufficient to support his convictions for each crime. Curtis has not provided any evidence to demonstrate a rational defendant would have wanted to pursue an appeal.

Additionally, the record does not reflect any reasons for counsel to think Curtis wished to pursue a direct appeal. Curtis did not file any objections to the PSR, thus indicating he agreed with the Guidelines calculations and details regarding his involvement in the conspiracy. In addition, Curtis received the benefit of a reduction for acceptance of responsibility and a downward departure based on a 5K1.1 motion filed by the government. Moreover, although the Court instructed Curtis

___

[2] The Court observes that Curtis was advised of this right by the Court during his sentencing hearing. The Court follows a set procedure when sentencing a defendant. The Court informs defendants they have a right to appeal their sentence, if they wish to file an appeal they should discuss it with counsel, and that an appeal must be filed within ten days. In the instant case the Court directly addressed Curtis and stated:

> You do have a right to appeal your sentence in this case. If you want to appeal it, discuss that with Mr. Logan, and a notice of appeal will have to be filed within 10 days in order to start that process.

[Judgment Transcript ("J.T."), at 7].

about his right to file an appeal, he apparently chose not to initiate a discussion with counsel about filing an appeal as there is no allegation that he discussed filing appeal with counsel. Accordingly, there is nothing in the record to give a reasonable attorney reason to think Curtis desired to pursue an appeal or that any rational defendant would want to pursue a direct appeal in this case. Thus, Curtis has failed to demonstrate counsel's failure to consult with him about pursuing a direct appeal was deficient.

Additionally, Curtis' claim also fails on the prejudice prong because he has failed to demonstrate that, but for counsel's deficient failure to consult him about an appeal, he would have pursued an appeal. *See Roe v. Flores-Ortega*, 528 U.S. at 486. For the sake of discussion, presuming counsel deficiently failed to consult with Curtis about filing an appeal, Curtis must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Id.* at 484. "Prejudice does not require that the defendant show that he had meritorious grounds for appeal, but 'evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making' the determination whether there is a reasonable probability the defendant would have appealed.'" *United States v. Vazquez-Munoz*, 453 F.Supp.2d 1078, 1089 (N.D. Iowa 2006) *quoting Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000). In *Roe* the Supreme Court observed that both the prejudice inquiry and the inquiry used to determine whether counsel performed deficiently may be satisfied if the defendant shows nonfrivolous grounds for appeal. Curtis has failed to identify any nonfrivolous ground to appeal or establish that he promptly expressed a desire to appeal. Thus, Curtis has not demonstrated any resulting prejudice as the result

of counsel's alleged failure to consult Curtis about an appeal.

Accordingly, Curtis is not entitled to § 2255 relief on this claim because he has not demonstrated that counsel's failure to consult with him about his appeal rights was ineffective assistance of counsel or that he suffered any prejudice as a result of counsel's alleged shortcomings.

### 3. *Counsel Failed to Argue The Weapon Was Not Possessed in Furtherance of Drug Crime*

Curtis complains that counsel failed to argue he did not possess the weapon in furtherance of a drug crime. Curtis argues that he did not use the firearm to further his drug trade and the government failed to prove the active employment of the weapon. Curtis maintains that mere presence of a firearm in an area where a drug crime occurs is insufficient to prove it was possessed in furtherance of a drug crime. Specifically, Curtis claims the loaded handgun he possessed in his vehicle at the time of his arrest at the McCurry's house was not possessed in furtherance of the methamphetamine he delivered to them. Thus, Curtis contends he did not violate § 924(c) and counsel was deficient in not challenging the charge on this basis.

Curtis' allegations are contradicted by the record before this Court. Curtis was charged, in Count Three with possessing a firearm in furtherance of the conspiracy charged in Count One of the indictment. During his re-arraignment, the Court advised Curtis that he was charged with "knowingly possess[ing] a firearm in furtherance of drug trafficking crimes, that is, the conspiracy to distribute methamphetamine as charged in Count 1 of this indictment...[and that] the government would have to show or the jury would have to find that the firearm played some role in the offense, either to protect the drugs, protect your person, or perhaps protect cash in connection with drug transactions" [Re-arraignment Transcript "R.T." at 10-11]. Curtis acknowledged that he understood the charge and that he wished to enter a guilty plea to Count Three for possessing a firearm in

furtherance of the conspiracy [R.T. at 11]. Furthermore, he agreed with the government's rendition of the factual basis *i.e.*, that Curtis, while transporting the methamphetamine to the McCurrys' house in his vehicle, possessed a loaded firearm [R.T. at 17].

Title 18 U.S.C. § 924(c) mandates an additional penalty of at least five years of imprisonment for "any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, **or** who, in furtherance of any such crime, possesses a firearm." (emphasis added). Curtis was charged with knowingly possessing a firearm in furtherance of the conspiracy to distribute methamphetamine. The proof before the Court demonstrates Curtis possessed the weapon while driving to make a drug delivery which was in furtherance of the conspiracy.

In the instant case, Curtis' loaded gun was found under the driver's seat in the vehicle which he drove to make a drug delivery and Curtis admitted under oath that the weapon was possessed in furtherance of the conspiracy [Rearraignment Transcript "R.T." 17, and Crim. Court File No. 221, at 5]. Moreover, during his cousin's judgment proceedings, Curtis testified he picked up the methamphetamine at Mike Davis' house and the firearm was sitting on the console in his car and he eventually placed the weapon under the seat on the driver's side when he got out to deliver the drugs [Crim. Court File No. 221 at 34]. Curtis does not deny that he possessed the weapon, along with the drugs, while driving his vehicle to the drug transaction with the McCurry's. Nor does Curtis provide evidence that the firearm's presence in the vehicle with him as he drove to make his drug delivery was there for any reason other than in furtherance of the conspiracy. Rather, Curtis makes a factually unsupported claim that the weapon was not possessed in furtherance of the crime without providing any evidence of the reason for the weapon being in his vehicle. Rather, he argues

there is insufficient evidence to support the conviction.

Curtis has not come forth with any proof to support an argument that he should not have been convicted of the § 924(c) violation. Thus, Curtis has failed to demonstrate counsel was ineffective for failing to object to the charge. Moreover, the record reflects Curtis entered an knowing and voluntary plea to the § 924(c) charge. There is nothing in the record to suggest defense counsel provided advice outside the range of competence demanded of attorneys in criminal cases. Curtis has not asserted or demonstrated that counsel materially misinformed him about the consequences of his plea or about the law governing the 924(c) crime charged in Count Three of the indictment. Curtis admitted, under oath, that he possessed the weapon in furtherance of the conspiracy [R.T. at 11]. The Court accepts the truth and accuracy of the defendant's sworn statements at the re-arraignment hearing as "conclusive in the absence of a believable reason justifying" their rejection. *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978). There are no believable reasons, in the record before this Court, for rejecting those sworn statements. Moreover, Curtis has not come forth with any proof explaining why the weapon was with him in the car as he transported the methamphetamine nor has he demonstrated any prejudice as the result of counsel's failure to contest the 924(c) charge.

There is nothing in the filings in this case from which to infer a reasonable probability that, but for counsel's alleged errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Curtis is bound by his knowing and voluntary guilty plea to the § 924(c) charge. In addition, Curtis has failed to demonstrate any grounds upon which counsel could have successfully attacked the § 924 (c) charge. Consequently, Curtis has failed to demonstrate counsel was deficient for failing to object to the § 924(c) charge in Count Three of the indictment and he has

failed to demonstrate he suffered any prejudice from counsel's inaction. Accordingly, Curtis is not entitled to § 2255 relief on his claim that counsel was ineffective for failing to object to the § 924(c) charge in count three of the indictment.

**4.    *Counsel's Failure to Request an Extension***

The fourth claim of ineffective assistance of counsel is based on counsel's failure to file a motion for an extension of time in which to enter into a plea agreement. Curtis claims he was prejudiced by counsel's failure to request a continuance because it resulted in him pleading guilty without the benefit of a plea agreement.

Curtis has filed two letters written by his trial counsel. First counsel wrote a letter on July 9, 2003, inquiring if the government would agree to allow Curtis to plead guilty and reserve his search question [Court File No. 2, Exhibit 4]. Second, in the October 10, 2003 letter, counsel explains that the government's only offer to Curtis would entail Curtis pleading guilty to the conspiracy and gun counts and cooperating [Court File No. 2, Exhibit 3]. Thus, counsel did attempt to negotiate a plea agreement for Curtis. The reason Curtis' counsel was unable to secure a plea agreement is because Curtis refused to accept the government's plea offer. There is no evidence that requesting a continuance would have resulted in another plea offer from the government. Curtis has failed to demonstrate the government was willing to engage in further plea negotiations; thus, he cannot demonstrate prejudice by counsel's failure to file a motion requesting an extension of time to further negotiate a plea agreement.

Curtis has failed to demonstrate any deficient performance on the part of his counsel or any

prejudice suffered by him as a result of counsel's failure to file a motion to continue. Accordingly, this claim is rejected.

**B.      Procedurally Defaulted Claims**

Generally, a defendant must advance an available challenge to a criminal conviction or sentence on direct appeal because failure to do so will normally bar him from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims. *See Reed v. Farley*, 512 U.S. 339, 354 (1994). However, this general rule does not normally apply to ineffective-assistance-of-counsel claims. *See Massaro v. United States*, 538 U.S. 500 (2003).

A defendant can avoid the procedural bar only by demonstrating cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, or by establishing his actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The Court turns to Curtis' procedurally defaulted claims.

**1.      *Insufficient Evidence Claim***

Curtis asserts there is insufficient evidence to connect the gun to the drugs and thus, he is actually innocent of the 924(c) conviction. Specifically, Curtis asserts there is no evidence demonstrating the required nexus between the gun and drugs. First, the Court observes that a challenge to the sufficiency of the evidence is not cognizable in this § 2255 proceeding. The United States Court of Appeals for the Sixth Circuit has consistently held that the "sufficiency of the evidence to support a conviction may not be collaterally reviewed on a § 2255 proceeding," *United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969), *cert. denied*, 396 U.S. 1015 (1970) as that

is an issue that can be raised only by direct appeal. *See Stephan v. United States*, 496 F.2d 527, 528-

29 (6th Cir. 1974), 423 U.S. 861 (1975).

Thus, since Curtis failed to challenge the sufficiency of the evidence during his criminal proceedings or on direct appeal, he is not entitled to § 2255 relief on this claim as the claim is procedurally defaulted. However, Curtis relies upon his claim of actual innocence to excuse his procedural default.

The actual innocence exception is exceedingly narrow in scope as it concerns a petitioner's actual innocence rather that his legal innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). "[A]ctual innocence' means factual innocence, not mere legal innocence." *Bousely v. United States*, 523 U.S. 614, 623 (1998).

Curtis cannot successfully raise a claim of actual innocence because his argument that the evidence was insufficient to prove he possessed the firearm in furtherance of the drug conspiracy is not sufficient to demonstrate he is actually innocent of the 924(c) charge. Curtis has not submitted any evidence establishing he is actually innocent, thus factually innocent; but rather, he attacks the legal sufficiency of the proof that he possessed the firearm to further the drug conspiracy.

Therefore, Curtis' claim that the evidence is insufficient to support his 924(c) conviction, does not establish that he is actually innocent of the 924(c) conviction. Curtis' claim does not speak to his actual innocence of the crimes charged, and he offers no compelling, reliable evidence to establish that he is actually innocent of the 924(c) conviction. Rather, Curtis claims the government did not prove the firearm was possessed in furtherance of the drug conspiracy. Curtis has failed to show or provide any evidence that he did not commit the crime as charged. In sum, Curtis has not raised a legitimate claim of actual innocence and there is nothing in the record to support such a claim. Indeed, the record–specifically, the agreed factual basis and the plea transcript–supports the

exact opposite conclusion.  Thus, his procedural default is not excused.

Even assuming the sufficiency of the evidence claim is properly before the Court, Curtis' claim has no merit because he expressly admitted the elements of the offense in his plea and in the agreed factual basis.  Curtis specifically admitted he possessed the firearm to further the drug conspiracy [R.T. at 11].  The Court explained to Curtis that the government would have to prove or the jury would have to find that the firearm played some role in the offense, either to protect drugs, protect his person, or perhaps protect cash in connection with the drug transactions [R.T. at 11]. Curtis acknowledged that he understood the charge and he wished to plead guilty to the charge.[3]

Curtis is bound by his admissions made under oath.  Curtis is unable to show that he did not commit the crime as charged because he in fact, acknowledged that he was guilty of possessing the weapon in furtherance of the conspiracy when he entered his guilty plea to the charge.  Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.  *Blackledge v. Allison*, 431 U.S. 63, 73-75 (1977)("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")  Curtis presents no credible, clear

---

[3]     The Court observes that Curtis has not submitted any reliable proof that the firearm was not possessed in furtherance of the drug conspiracy.

and convincing evidence that suggests his representations of guilt during his plea were untruthful. Therefore, he is bound by his sworn statements.

In sum, Curtis' insufficient-evidence claim will be dismissed for two reasons. First, Curtis' claim fails as he has not demonstrated that he is actually innocent, thus he has failed to excuse his procedural default of his insufficient evidence claim. Second, the record contains sufficient evidence to support Curtis' guilty plea to the weapons charge. Accordingly, the Court finds that Curtis is barred from raising an insufficient evidence claim and not entitled to § 2255 relief on this claim.

### 2. *Violation of Eighth Amendment*

In this claim, Curtis contends his 60 month sentence for the § 924(c) conviction, a crime he did not commit, is cruel and unusual punishment. This claim is procedurally defaulted because Curtis failed to raise it on direct appeal. Thus, to be entitled to relief he must demonstrate either cause and actual prejudice or that he is actually innocent of the offense.

Curtis presumably argues that, not only does his actual innocence excuse his procedural default but, additionally, counsel's ineffectiveness for failing to file an appeal is the cause for his procedural default.[4] However, even assuming counsel was deficient for failing to file a direct appeal attacking the 924(c) conviction, Curtis cannot demonstrate he suffered any prejudice as a result of that alleged deficiency. This is so because, as previously discussed in this memorandum opinion, Curtis' § 924(c) conviction is proper and constitutional because the factual basis admitted by Curtis clearly demonstrates a 924(c) violation. Moreover, during his court proceedings, Curtis admitted

---

[4]    To the extent Curtis attempts to excuse his procedural default on the basis of actual innocence, the Court determined, in the section above, that Curtis has not demonstrated he is actually innocence, thus his procedural default of this claim is not excused.

he committed the crime as charged, and thus, this claim has no merit.

### 3. *Unconstitutional Sentence*

In his last claim, Curtis asserts his sentence is unconstitutional because the court imposed a sentence based upon judge-found facts. Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) (The Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), *Blakely v. Washington*, 542 U.S. 296 (2004) (invalidated a Washington State criminal sentence because the facts supporting a sentence enhancement were neither admitted by the defendant nor found by a jury in violation of the Sixth Amendment right to a jury trial), and *United States v. Booker*, 543 U.S. 220 (2005) (Extending the holding of *Blakely* to the United States Sentencing Guidelines, the Supreme Court held the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial), Curtis maintains the drug amounts used to enhance his sentence were never admitted by him or proved beyond a reasonable doubt to a jury.

First the Court observes that this claim is not properly before this Court as Curtis procedurally defaulted this claim when he failed to raise it before this Court during his criminal proceedings or on direct appeal. To cure this defect, Curtis submits that his default is excused by counsel's alleged ineffectiveness.[5] It is true that ineffective assistance of counsel may constitute "cause and prejudice" to overcome a procedural default, however, even assuming Curtis has shown that counsel was deficient for failing to object to the drug amounts in the presentence report, Curtis

---

[5] Petitioner raises ineffective assistance of counsel both as cause to excuse his procedural default and presumably as a substantive claim.

has failed to establish that he was prejudiced by counsel's failure to object.[6]  As explained below, Curtis has failed to establish that he was prejudiced by counsel's failure to object to the drug amount because the Court did not sentence Curtis in violation of the principles set forth in *Apprendi*. Therefore, Curtis has failed to establish ineffective assistance of counsel either as a substantive claim or as an excuse for his procedural default.

Assuming for the sake of discussion that this issue is properly before the Court, neither *Blakely* nor *Booker* offer Curtis any relief as they were decided after his conviction and sentence became final and neither case is retroactively applicable on collateral review. In addition, Curtis is not entitled to § 2255 relief on the basis of *Apprendi* either.  Although, *Apprendi*  was decided prior to Curtis' criminal proceeding his case does not involve an *Apprendi* error.  This is so because his sentence did not exceed the statutory maximum sentence permitted by statute.

Count One of the indictment charged Curtis with conspiracy to distribute in excess of 500 grams of methamphetamine and in Count Two he was charged with possessing with the intent to distribute more than 50 grams of methamphetamine.  At re-arraignment, the Government informed Curtis and the Court that Curtis' guilty plea, based on the amount of methamphetamine involved in the conspiracy, would carry a minimum imprisonment term of ten years and a maximum term of life. [Rearraignment Tr. at 13].  The statutory source for these terms is 21 U.S.C. § 841(b)(1)(B).  At sentencing, however, the Court imposed a term of 121 months on the § 841(a) violation, well short of not only the life term described by the Government at rearraignment under § 841(b)(1)(B), but

---

[6]        The Court notes that Curtis adds an ineffective assistance of counsel in this unconstitutional-sentence claim and that a decision on the issue of ineffective assistance of counsel to excuse default will also resolve any argument he attempts to make that counsel was ineffective for failing to contest the drug quantity.

also the default statutory maximum of twenty years under § 841(b)(1)(C).[7] Thus, there is no

*Apprendi* error in the present case because Curtis was sentenced within the confines identified in 21

U.S.C. § 841(b)(1)(B) to which he pleaded guilty and the sentence does not violate the default

provision of § 841(b)(1)(C). In cases where a defendant's actual sentence falls within the range

prescribed by the statute for the crime of conviction, there is no *Apprendi* error. *Harris v. United*

*States*, 536 U.S. 545, 565 (2002) ("Whether chosen by the judge or the legislature, the facts guiding

judicial discretion below the statutory maximum need not be alleged in the indictment, submitted

to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a

mandatory minimum, no less than when the judge chooses a sentence within the range, the grand

and petit juries already have found all the facts necessary to authorize the Government to impose

the sentence. The judge may impose the minimum, the maximum, or any other sentence within the

range without seeking further authorization from those juries-and without contradicting *Apprendi*").

Curtis is correct that he did not specifically plead guilty to distributing five to fifteen

kilograms of methamphetamine, however, he did plead guilty to distributing in excess of 500 grams

of methamphetamine and five to fifteen kilograms is in excess of 500 grams. Moreover, not only

did Curtis, by and through counsel, plead guilty to distributing more than 500 grams of

methamphetamine, he acknowledged, during his sentencing hearing, that there was sufficient proof

to sustain the five to fifteen kilograms of methamphetamine, thus effectively waiving his

constitutional rights to have the drug quantity proven beyond a reasonable doubt. Curtis has not

submitted any proof that the correct drug quantity was less than five kilograms; thus, he has not

---

[7]    Where the indictment does not allege the specific amount of drugs and the jury does not expressly find it, the default provisions of 21 U.S.C. § 841(b)(1)(C) applies. *See United States v. Roberts*, 198 Fed.Appx. 501, 508 (6th Cir. 2006) (unpublished).

demonstrated that he was prejudiced by counsel's action. In addition, the United States Supreme Court has concluded that anything increasing the statutory minimum is a sentencing factor, not an element of the crime, thus even if the court had determined the quantity of drugs it would not have been an *Apprendi* violation because *Apprendi* was limited to increases in maximum sentences. *Harris v. United States*, 536 U.S. 545 (2002).

The record before the Court reflects this waiver was knowing and voluntary. *See United States v. Leachman*, 309 F.3d 377, 383 (6th Cir. 2002) ("Leachman had effectively waived his rights to have the amount of drugs proved to a jury beyond a reasonable doubt when he pled guilty"). Accordingly, *Apprendi* affords Curtis no relief from his sentence. *See, e.g.*, *United States v. Robinson*, 241 F.3d 115, 119 (1st Cir. 2001); *United States v. Thompson*, 237 F.3d 1258, 1262 (10th Cir. 2001);*United States v. Jones*, 245 F.3d 645, 649 (7th Cir. 2001); *United States v. Munoz*, 233 F.3d 410, 413-14 (6th Cir. 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000).

Applying the reasoning of *Harris* and *Leachman* to Curtis' § 2255 petition, it becomes abundantly obvious *Apprendi* has no relevance to Curtis' indictment, guilty plea, and sentence. Even though the indictment charged Curtis with conspiracy to distribute in excess of 500 grams of methamphetamine and the Government stated at re-arraignment Curtis would be sentenced according to § 841(b)(1)(B), the Court's imposition of a sentence based on the increased quantity of five to fifteen kilograms of methamphetamine imposed a sentence *below* the statutory maximum sentence of life in § 841(b)(1)(B) and the default twenty-year term of § 841(b)(1)(C). By its terms, *Apprendi* only applies when a sentence exceeds the "prescribed statutory maximum," *Apprendi*, 530 U.S. at 490. Curtis' 121-month sentence on the § 841(a)(1) violation did not exceed the statutory

maximum or the default statutory maximum.[8]

There is no evidence presented in the record to indicate Curtis was not responsible for distributing at least five kilograms of methamphetamine.[9] Thus, Curtis has not demonstrated a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Accordingly, he is not entitled to § 2255 relief on his unconstitutional-sentence allegation.

To the extent that Curtis claims the Court should grant him relief based upon the cumulation of errors, the Court declines this invitation as the Court has found that there were no errors. Accordingly, relief on his cumulative-error claim will also be **DENIED**.

---

[8] Had Curtis' adjusted offense level been based on 500 grams to 1.5 Kilograms rather than the 5-15 kilograms, his guideline range would have been 97-121 months.

[9] The Court observes that Curtis had a choice to either go to trial and contest the drug amount or plead guilty and admit the drug amount. Curtis chose to plead guilty on the day his trial was to begin. By choosing to plead guilty, Curtis received an adjustment in his offense level based upon acceptance of responsibility, and he also received an adjustment for substantial assistance. Given the facts of the case and co-defendants' statements against Curtis , counsel was not deficient and Curtis was not prejudiced by counsel foregoing an argument contesting the drug quantity and risking that Curtis would be deprived of the benefits he received as a result of his plea.

V.      **Conclusion**

For the reasons set forth above, the Court concludes Curtis is not entitled to any relief under 28 U.S.C. § 2255 as his conviction and sentence are not in violation of the Constitution or laws of the United States.  A separate judgment will enter **DENYING** Curtis' § 2255 motion [Court File No. 1].

An appropriate judgment will enter.


              /s/ R. Allan Edgar
              R. ALLAN EDGAR
              UNITED STATES DISTRICT JUDGE